J-S55044-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
ADAM MARK TILKER :
:
Appellant : No. 222 WDA 2020

Appeal from the Judgment of Sentence Entered January 22, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-SA-0002053-2019

BEFORE: BOWES, J., McCAFFERY, J., and COLINS, J.[*]

JUDGMENT ORDER BY COLINS, J.: FILED JANUARY 14, 2021

Appellant, Adam Mark Tilker, pro se, appeals from the judgment of

sentence of a $300.00 fine, which was imposed after his conviction at a bench

trial for operation of a motor vehicle without required financial responsibility.[1]

For the following reasons, we dismiss this appeal.

In its opinion, the trial court correctly set forth the relevant facts and

procedural history of this case. See Trial Court Opinion, dated June 3, 2020,

at 1. Therefore, we have no reason to restate them.[2]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 1786(f).

[2] On February 14, 2020, Appellant filed this timely direct appeal. On
February 19, 2020, the trial court ordered Appellant to file a concise statement
of errors complained of on appeal; Appellant did not comply. Despite this
failure, the trial court entered an opinion on June 3, 2020.

Preliminarily, we must ascertain whether Appellant adhered to the Pennsylvania Rules of Appellate Procedure. Whether an appellant followed appellate procedure is a pure question of law for which "our scope of review is plenary, and the standard of review is de novo." Commonwealth v. Walker, 185 A.3d 969, 974 (Pa. 2018).

"[A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." In re Ullman, 995 A.2d 1207, 1211 (Pa. Super. 2010) (citing Pa.R.A.P. 2101).

> [P]ro se status does not relieve [an appellant] of his duty to follow the Rules of Appellate Procedure. "Although this Court is willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." In re Ullman, 995 A.2d 1207, 1211–1212 (Pa. Super. 2010). Accordingly, pro se litigants must comply with the procedural rules set forth in the Pennsylvania Rules of Court; if there are considerable defects, we will be unable to perform appellate review.

Commonwealth v. Vurimindi, 200 A.3d 1031, 1037–38 (Pa. Super. 2018), reargument denied (February 6, 2019), appeal denied, 217 A.3d 793 (Pa. 2019), cert. denied., 140 S. Ct. 1147 (2020).

Instantly, Appellant's pro se brief falls well below the standards delineated in our Rules of Appellate Procedure. Specifically, Appellant's brief does not include a statement of jurisdiction, the order or other determination

in question, a statement of both the scope and standard of review, a statement of the questions involved, a statement of the case, or a summary of the argument in violation of Pa.R.A.P. 2111(a)(1)-(6) and 2114-2118. The lack of a statement of questions involved is particularly egregious, as our Rules of Appellate Procedure explicitly state: "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). He also fails to attach the trial court opinion or a certificate of compliance pursuant to Pa.R.A.P. 2135(d). See Pa.R.A.P. 2111(10), (12).

> The briefing requirements scrupulously delineated in our appellate rules are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted so that a litigant's right to judicial review as guaranteed by Article V, Section 9 of our Commonwealth's Constitution may be properly exercised.

Commonwealth v. Briggs, 12 A.3d 291, 343 (Pa. 2011). "While this Court may overlook minor defects or omissions in an appellant's brief, we will not act as his or her appellate counsel." Commonwealth v. Freeman, 128 A.3d 1231, 1249 (Pa. Super. 2015).

Consequently, we cannot and will not reach the merits of Appellant's claims of error. Thus, we are compelled to dismiss this appeal.[3]

Appeal dismissed.

_____

[3] Assuming we were not dismissing due to the failure of Appellant's brief to conform to the requirements of the Pennsylvania Rules of Appellate Procedure, we would still find Appellant's issues waived pursuant to Pa.R.A.P. 1925(b) due to Appellant's failure to comply with the trial court's order to file a concise statement of errors complained of on appeal and would affirm the judgment.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/14/2021</u>